UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY TOUCHTON,

     Plaintiff,

v.

DEAN PADGETT and RICKY
MAZINGO,

     Defendants.

Case No.

**Demand for Jury Trial**

## COMPLAINT

Plaintiff Anthony Touchton asserts claims under the Eighth Amendment to the United States Constitution for excessive force and failure to intervene against Defendants Dean Padgett and Ricky Mazingo, each in their individual capacities. Plaintiff alleges as follows:

## Jurisdiction & Venue

1.    Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of civil rights under the Eighth Amendment to the United States Constitution.

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b), this being the district where the claims arose and where Defendants conduct business.

4.      All conditions precedent to this lawsuit, including exhaustion of administrative remedies, have occurred, been performed, or been waived.

## Parties

5.      At all times material hereto, Plaintiff Anthony Touchton was an inmate in the custody and care of Florida Department of Corrections (FDC) at its Gulf Correctional Institution in Wewahitchka, Florida.

6.      At all times material hereto, Defendant Dean Padgett was a correctional officer employed by FDC at Gulf C.I. and was acting under color of law. Padgett is being sued in his individual capacity.

7.      At all times material hereto, Defendant Ricky Mazingo was a correctional officer employed by FDC at Gulf C.I. and was acting under color of law. Mazingo is being sued in his individual capacity.

## Factual Allegations

8.      In about December 2021 Plaintiff was transferred to Gulf C.I., an institution within the state penal system administered by FDC.

9.      While at Gulf C.I., Plaintiff was tormented by officers in retaliation for Plaintiff's grievances about an officer's conduct, which led to that officer being placed on "no inmate contact" status.

2

10.     For example, Plaintiff was placed on "strip," changed to a different, more restrictive classification status, and issued disciplinary reports. Padgett and Mazingo were part of the group of officers tormenting Plaintiff, which included placing Plaintiff on "strip."

11.     On October 2, 2023, Mazingo put Plaintiff on "strip" after a cell search, and he was moved into a "psych" cell.

12.     The next morning, Plaintiff covered the window in the door of his cell because staff had turned the water off; he hoped to spur someone to come to his cell so that he could ask them to turn the water back on.

13.     Sometime between 10 a.m. and 12 p.m., Padgett came to Plaintiff's cell and ordered him to remove the window covering. Plaintiff complied.

14.     Another officer, Officer Baptiste, was with Padgett holding a use-of-force camera and recording Plaintiff. Padgett told Plaintiff to submit to hand restraints. Once in handcuffs, Padgett opened Plaintiff's cell door and walked him into the Y Dorm sallyport. Padgett dismissed Officer Baptiste and told him to turn the camera off. Mazingo was standing near the sallyport at the time. He and Padgett told Plaintiff he was to be taken to Mental Health.

15.     Once in the sallyport, Padgett and Mazingo gratuitously and maliciously began to attack Plaintiff without provocation, justification, or any penological purpose.

16.     Specifically, Padgett punched Plaintiff in the back of the head. Mazingo joined in and punched Plaintiff several times in the head, face, and body. One of them kneed Plaintiff in the mouth, busting his lip. Plaintiff fell to the ground. While on the ground, Padgett and Mazingo kicked and stomped Plaintiff repeatedly all over his body—his ankles, legs, torso and back. The only place they did not stomp or kick was his face.

17.     At no time did Plaintiff do anything to justify any of the force used by Padgett and Mazingo in the sallyport.

18.     After gratuitously attacking Plaintiff, Mazingo and Padgett grabbed Plaintiff and placed him back on his feet. They continued to escort him—as if nothing had happened—into the classification building and into the medical unit.

19.     In the medical lobby, Plaintiff saw that there were other prisoners around. In fear for his life, he yelled out to the other prisoners, screaming his name, DC number, and that he was just beaten up in the sallyport. Plaintiff begged, "Someone please call your family and have them call up here. They might kill me."

20.     Plaintiff's pleas for help upset the officers.

21.     Padgett and Mazingo escorted Plaintiff into the triage room where a nurse was waiting. Padgett suddenly and without provocation punched Plaintiff in the left eye, causing his eye to split open and blood to erupt everywhere.

22.    Padgett struck Plaintiff several more times while Mazingo silently watched, ultimately causing Plaintiff to fall on his back. While Plaintiff was on the floor, Padgett stood over him and placed his boot on Plaintiff's throat. Padget applied intense pressure causing Plaintiff to lose consciousness.

23.    Mazingo failed to take any steps to stop Padgett from continuing to harm Plaintiff. He stood silently and watched Padgett slowly cut off Plaintiff's oxygen supply as he lay unconscious on the ground.

24.    After some time, Plaintiff regained consciousness. He had blood all over his face and his eyes were swollen. Padgett told Plaintiff something to the effect of "another 15 seconds and you were dead." Padgett then said, "I'm done if you're done." But Mazingo told Plaintiff it wasn't over.

25.    Plaintiff was then taken back to Y Dormitory and taken to a shower to clean up. He was eventually placed in a different cell and told his "strip" was over.

26.    After about thirty minutes, Mazingo came to Plaintiff's cell and told him he had to go back to Medical. Out of fear for his life, Plaintiff refused. However, Plaintiff learned that nurses observed what happened in the triage room, which they reported to the warden. Mazingo told Plaintiff he needed to say that he hit his head on the walls.

27.    Plaintiff wasn't taken to Medical. Instead, he was given a perfunctory look-over by a nurse in Y Dormitory while Mazingo was present. The nurse failed

to properly examine Plaintiff, note the full extent of his injuries, or stitch or suture his laceration. Despite his obvious injuries, the nurse only examined Plaintiff's injured eye.

28.     A few hours later, officers came to Plaintiff's cell, and he was told he was going to be transferred. He was immediately transferred to Santa Rosa Correctional Institution, where staff noted that he sustained several serious injuries. By the time he arrived, he had two black eyes, a swollen and out-of-place jaw, and a tender head. His body was covered in bruises, his lip and left eye were split. Plaintiff was told by the nurse at Santa Rosa C.I. that they were surprised his eye was not stitched or sutured by the nurse at Gulf C.I.

29.     As a result of the attack, Plaintiff also began to experience mental injuries as well as frequent headaches, eye pain, dark spots in his vision, neck pain, and numbness in his extremities. He continues to suffer from these mental and physical injuries to this date.

30.     On March 21, 2024, Padgett was federally indicted for violating Plaintiff's rights on October 3, 2023 at Gulf C.I. and for making false statements to law enforcement about what he did to Plaintiff. *See United States v. Padgett*, Case No. 5:24-cr-11-MW (N.D. Fla.). As of the date of filing, Mazingo still remains employed by FDC.

## COUNT I

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against Padgett and Mazingo)

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as if fully set forth herein and further alleges:

31.     Plaintiff is entitled to relief against Defendants for violation of the Eighth Amendment to the U.S. Constitution.

32.     Defendants, while acting under color of state law unlawfully and without justification, jointly and severally, violated the Eighth Amendment when they attacked Plaintiff in the sallyport, punching him and kicking him while he was on the ground. Defendants did so despite Plaintiff's compliance with orders and while Plaintiff was restrained. Defendants violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm Plaintiff.

33.     Defendants used force on Plaintiff without any legitimate need to maintain or restore discipline or for any other good faith reason.

34.     Defendants conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

35.     As a direct and proximate result of the above-described excessive use of force and violence, Plaintiff sustained serious physical and mental injuries.

36.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## COUNT II

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against Padgett)

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as if fully set forth herein and further alleges:

37.     Plaintiff is entitled to relief against the Padgett for violation of the Eighth Amendment to the U.S. Constitution.

38.     Padgett, while acting under color of state law unlawfully and without justification, violated the Eighth Amendment when he gratuitously punched Plaintiff in the face several times and then placed his boot on Plaintiff's neck, applying pressure until Plaintiff lost consciousness. Padgett did so despite Plaintiff's compliance with orders and while Plaintiff was restrained. Padgett violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm Plaintiff.

39.     Padgett used force on Plaintiff without any legitimate need to maintain or restore discipline or for any other good faith reason.

8

40.     Padgett's conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

41.     As a direct and proximate result of the above-described excessive use of force and violence, Plaintiff sustained serious physical and mental injuries.

42.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## COUNT III

### Violation of 42 U.S.C. § 1983 – Failure to Intervene
### (against Mazingo)

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as if fully set forth herein and further alleges:

43.     Plaintiff is entitled to relief against Mazingo for his failure to intervene to stop Padgett from gratuitously using force against him in violation of the Eighth Amendment to the U.S. Constitution.

44.     Mazingo, while acting under color of state law, unlawfully and without justification violated the Eighth Amendment when he observed Padgett,

9

while acting under color of state law, commit extreme physical violence on Plaintiff while he was compliant and while he was restrained.

45.     As a direct and proximate result of the failure to intervene, Plaintiff sustained brutal and severe physical and mental injuries.

46.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## **Prayer for Relief**

Plaintiff Anthony Touchton demands the following relief against Defendants:

A. Nominal damages;

B. Compensatory damages;

C. Punitive damages;

D. Reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

E. Such other just and proper relief.

## **Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

Dated: June 6, 2024

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel: (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff Anthony Touchton*