**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**ANTHONY TOUCHTON,**

      **Plaintiff,**

**vs.**                            **Case No.: 5:24-cv-116-MCR-MJF**

**DEAN PADGETT and**
**RICKY MAZINGO,**

      **Defendants.**

_____/

## UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT

Defendant RICKY MAZINGO, by and through his undersigned counsel, pursuant to Rule 55(c), Fed. R. Civ. Proc., hereby moves this Honorable Court for the entry of an Order Vacating Clerk's Default entered against Defendant MAZINGO (dated July 30, 2024) (ECF No. 9) and in support thereof, states as follows:

### Procedural Facts

1.    Plaintiff filed his initial complaint on June 6, 2024. (ECF No. 1).

2.    On July 26, 2024, Plaintiff filed his Return of Service upon Defendant MAZINGO (ECF No. 6). The Return of Service showed a service date of July 5, 2024.

1

3.     On July 29, 2024, Plaintiff filed his Request for Entry of Clerk's Default.  (ECF No. 7).

4.     The same day, on July 29, 2024, the undersigned filed their Notice of Appearance on behalf of Defendant MAZINGO.  (ECF No. 8).

**5.**     Notwithstanding the undersigned's Notice of Appearance noted on the online docket, on July 30, 2024, the Clerk entered its Entry of Default against Defendant MAZINGO.  (ECF No. 9).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE

Pursuant to Rule 55(c), Federal Rules of Civil Procedure, a court may set aside the entry of a default "for good cause." As Judge Kovachevich has noted:

> "Good cause" is a liberal, elastic standard that does not have a precise formula. Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) *citing* Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). The court looks at a number of factors, including whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party does not appear to have a meritorious defense. Compania, 88 F.3d at 951, *citing* Robinson v. U.S., 734 F.2d 735, 739 (11th Cir. 1984).

Theiss v. Giove Law Office, P.C., 2008 WL 2323911, 2 (M.D. Fla. 2008). Moreover, the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-

28 (11th Cir. 1996). "To set aside an entry of default, the Court must find that: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense." Woodbury v. Sears, Roebuck Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993). Moreover, this Court recognizes the strong public policy in favor of deciding cases on their merits. See Florida Physician's Ins. Co. v. Ehlers, 8 F. 3d 780, 783 (11th Cir. 1993).

The undersigned was just advised of the assignment to represent Defendant MAZINGO on Wednesday, July 24, 2024.  Immediately upon receipt of the assignment, on Wednesday, July 24, 2024, the undersigned reviewed the online docket wherein there was no docketed Return of Service upon Defendant MAZINGO.  As shown in the online docket, such Return of Service was not filed in this matter until two days later on Friday July 26, 2024 (ECF No. 6).  Thus, the undersigned was not aware of when Defendant MAZINGO was actually served.

On Monday, July 29, 2024, the Notice of Appearance for the undersigned was prepared to be filed that day (and was filed at 3:40 pm as ECF No. 8).  An assistant for the undersigned was tasked with setting up the file and pulling all documents which had been filed in this matter.  It was at that time that the assistant

noticed and downloaded Plaintiff's Request for Entry of Clerk's Default, which was on the docket as being filed that same day.

Despite the Notice of Appearance filed on behalf of Defendant MAZINGO on Monday, July 29, 2024, the clerk entered its Default against Defendant Mazingo on Tuesday, July 30, 2024.

There was no willful or culpable conduct leading to Defendant MAZINGO not answering Plaintiff's Complaint. It was a result of a short delay in securing representation for the Defendant regarding communication between the Florida Department of Corrections, and the Division of Risk Management. Once the request for representation was secured and the assignment to the undersigned was made, the Notice of Appearance by the Office of the Attorney General for Defendant MAZINGO was prepared and filed within 3 business days. The undersigned has been diligently noticing their representation of this Defendant and has been diligent in seeking to vacate the Clerk's default (ECF No. 9) which was just filed one day prior to this Motion.

Rule 55(a), Federal Rules of Civil Procedure, state that a clerk can enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend…." In this matter, the filing of the Notice of Appearance by the undersigned (ECF No. 8) is the first step in defending Defendant MAZINGO against this claim. See Gill v. Wells, 2002 WL 35630971

at *1 (N.D. Fla. Nov. 15, 2002) (holding that Clerk should not enter a default under Rule 55(a) when a notice of appearance was entered on defendant's behalf as well as a special report) (*adopted by* <u>Gill v. Wells</u>, 2002 WL 35630968 (N.D. Fla. Dec. 20, 2002)).  This Court has just recently also recognized and acknowledged that when a plaintiff seeks a default, it should be noted that "no attorney has filed a notice of appearance" on behalf of that defendant before such a request is granted. <u>See</u> <u>Thomas v. Reid</u>, 2024 WL 3490512, at *1 (N.D. Fla. July 1, 2024) (*adopted in full by* <u>Thomas v. Reid</u>, 2024 WL 3471203, at *1 (N.D. Fla. July 19, 2024)). Further, this July 29, 2024 Notice of Appearance (ECF No. 8) was filed and noted on the docket prior to the entry of the Clerk's July 30, 2024 default (ECF No. 9). Thus, all prerequisites for a Rule 55(a) default were not present on July 30, 2024 and therefore such default should be vacated.

Setting aside the Clerk's Default would not prejudice the Plaintiff as the time for response by the Defendant was only 2 days late, the case was just filed in June 2024, and it has not been noticed or set for trial.  The case is in its nascence. Additionally, counsel for Plaintiff received the Notice of Appearance on July 29th, confirmed by email the filing of the Request for Default, and stated that he anticipated that the Clerk would not enter the default following the filing of the undersigned's Notice of Appearance.  Thus, there is no surprise or prejudice which would befall the Plaintiff by vacating the Clerk's default.

Further, the undersigned anticipates filing a meritorious motion to dismiss on behalf of Defendant MAZINGO based on the abrogation of all personal injury based claims by the death of the decedent, as well as failure to state a cause of action, among other grounds.

"Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. Compania, 88 F.3d at 951. The undersigned has not delayed in filing the Notice of Appearance or moving to vacate this default, which has only been entered in the record for 1 day.

In this situation, the undersigned respectfully suggests that good cause has been shown such that the Clerk's Default (ECF No. 9) should be vacated to allow the defendant to respond to Plaintiff's Complaint and for  this Court to decide the matter on its merits.

Respectfully submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson
Assistant Attorney General
Florida Bar No.: 12084

/s/ Mason V. Petrosky
Mason V. Petrosky
Assistant Attorney General
Florida Bar No.:  1049458

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300

Anthony.Johnson@myfloridalegal.com
Mason.Petrosky@myfloridalegal.com
Titus.thomas@myfloridalegal.com
CivilLitigationNorth.eService@myfloridalegal.com
steven.holcomb@myfloridalegal.com

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(B), counsel for Plaintiff has advised that he does

not oppose the relief requested this Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically

filed through the Court's CM/ECF system which will provide electronic service to

all counsel of record this 31st day of July 2024.

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson