UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY TOUCHTON,

    Plaintiff,

v.                        CASE NO.: 5:24-cv-00116-MCR-MJF

DEAN PADGETT and RICKY MAZINGO,

    Defendants.
_____/

## ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant, Dean Padgett, through counsel and pursuant to Fed. R. Civ. P. 15(a)(1), hereby amends his response to Plaintiff's Complaint and states as follows:

1. Without knowledge.

2. Admitted.

3. Admitted.

4. Without knowledge.

5. Admitted.

6. Admitted.

7. Without knowledge.

8. Without knowledge.

9. Denied.

10. Denied.

11. Without knowledge.

12. Denied.

13. Without knowledge.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Denied.

30. Admitted.

## COUNT I

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT II

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT III

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as if fully set forth herein.

43-46.   These allegations are not directed at this Defendant, and therefore, no response is due from this Defendant under Count III.  In an abundance of caution, all allegations are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

In an abundance of caution, Defendant alleges the following additional defenses, some of which may be affirmative defenses.   These allegations are raised strictly as defenses and are not to be considered as admissions of Defendant as to any factual, legal, or other matters.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate his damages, if any.

3. Defendant's actions, at all times material hereto, were within the course and scope of his employment; committed in good faith; lacked malicious purpose; and were not conducted in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

4. Defendant is immune from liability based upon the doctrine of qualified immunity.

5.	Plaintiff's complaint may be barred by failing to satisfy conditions precedent and/or otherwise failing to exhaust administrative remedies.

6.	Plaintiff's complaint may be barred by failing to exhaust administrative remedies under the Prisoner Litigation Reform Act.

7.	Defendants' actions were at all times material hereto justified and otherwise taken in good faith.

8.	Defendant claims all defenses provided and allowable by law.

9.	Defendant denies all allegations not expressly admitted herein, whether numbered or unnumbered, including without limitations, the unnumbered paragraphs beginning with the word "wherefore," any and all demands for judgment, or any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury of all issues so triable.

*s/Brian C. Keri*
BRIAN C. KERI (FBN 0087874)
P.O. Box 13599
Tallahassee, Florida 32317-3599
Telephone: (850) 297-2222
brianckeri@earthlink.net
michellemsmith@earthlink.net
Attorney for Defendant Padgett

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to James M. Slater, Esquire, 2296 Henderson Mill Road N.E. #116, Atlanta, Georgia 30345, on August 7, 2024.

                                             *s/Brian C. Keri*
                                             Brian C. Keri