UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY TOUCHTON,

    Plaintiff,

v.

DEAN PADGETT, *et al.*,

    Defendants.

Case No. 5:24-cv-00116-MCR-MJF

**REPORT OF THE PARTIES' PLANNING MEETING
AND PROPOSED DISCOVERY PLAN**

In accordance with Rule 26(f) and Local Rule 16.1, the parties respectfully submit this joint Rule 26(f) report.

**1.**     **The Meeting.** Counsel for the parties conferred via videoconference on Friday, August 16, 2024, and then subsequently by electronic means. The following persons participated in the Rule 26(f) conference:

- James M. Slater, counsel for Plaintiff;
- Brian Keri, counsel for Defendant Padgett; and
- Anthony Johnson and Mason Petrosky, counsel for Defendant Mazingo.

2. **Nature and Basis of Claims and Defenses**.

(a) Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution through acts of excessive force as well Defendant Mazingo's failure to intervene.

(b) Defendant Mazingo alleges that he did not participate in any unlawful conduct as described.

(c) Defendant Padgett denies he violated any of Plaintiff's civil rights.

3. **Possibility of Settlement.** The parties discussed the possibility of settlement and will continue to do so as the case proceeds.

4. **Magistrate Judge.** The parties have conferred on whether they consent to have a magistrate judge preside over the entire case.

5. **Discovery Plan**. The parties would respectfully propose the following discovery plan pursuant to Rule 26(f)(3):

(a) <u>Disclosures</u>. The parties will exchange initial disclosures **no later than September 27, 2024**.

(b) <u>Discovery Subject and Timing</u>. Discovery will be needed of the facts that relate to Plaintiff's claims and Defendants' affirmative defenses. There is no need to conduct discovery in phases or limit discovery to particular issues.

(c) <u>Electronic Discovery</u>. The parties agree to serve discovery requests and responses electronically. To the extent electronic records be produced, in addition to any other format, the parties will make reasonable efforts to cooperate in producing the documents in native format. Production and disclosure will be limited to data and metadata reasonably available to the parties in the ordinary course of business.

(d) <u>Claims of Privilege/Protection</u>. The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed, or treated as otherwise permitted by the Rules. The parties will address issues of privilege with respect to discovery if and when such issues arise.

(e) <u>Limitations on Discovery</u>. The number of interrogatories, requests for admissions, depositions, and requests for production should be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

(f) <u>Consent to Electronic Service</u>. The parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added provided that service is made to the email addresses of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

6. **Proposed Deadlines.** The parties propose the following case deadlines:

| | |
|---|---|
| Rule 26(a)(1) initial disclosures | September 27, 2024 |
| Joinder of parties and amendments to pleadings | November 1, 2024 |
| Expert disclosures | December 13, 2024 |
| Rebuttal expert disclosures (if any) | February 21, 2025 |
| Close of discovery | April 28, 2025 |
| Summary judgment and dispositive motions | May 19, 2025 |

7. **Trial Readiness.** The parties believe that this matter will be ready for trial in September 2025.

8. **Other matters.**

(a) The parties would ask that the Court enter, when appropriate, an order for pretrial conference setting forth the deadlines for filing pretrial matters. The parties would respectfully ask that the Court provide one week for the opposing party to identify objections to any witnesses or exhibits under Rule 26(a)(3).

(b) The parties do not request a conference with the Court before entry of the scheduling order.

*[Signatures to Follow]*

Dated: August 20, 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ James M. Slater*<br>James M. Slater (FBN 111779)<br>Slater Legal PLLC<br>2296 Henderson Mill Rd NE #116<br>Atlanta, GA 30345<br>(305) 523-9023<br>james@slater.legal<br><br>*Attorneys for Plaintiff* | ASHLEY B. MOODY<br>ATTORNEY GENERAL<br><br>*/s/ Anthony Dean Johnson*<br>Anthony Dean Johnson (FBN 12084)<br>Assistant Attorney General<br>Office of the Attorney General<br>PL-01, The Capitol<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>Anthony.Johnson@myfloridalegal.com<br><br>*Attorneys for Defendant Mazingo*<br><br>*/s/ Brian C. Keri*<br>Brian C. Keri (FBN 0087874)<br>P.O. Box 13599<br>Tallahassee, Florida 32317-3599<br>Telephone: (850) 297-2222<br>brianckeri@earthlink.net<br><br>*Attorney for Defendant Padgett* |