UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY TOUCHTON,
    Plaintiff,

v.                                       CASE NO.: 5:24-CV-00116-MCR-MJF

DEAN PADGETT and
RICKY MAZINGO,
    Defendants.
_____/

## **DEFENDANT MAZINGO'S ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, Defendant RICKY MAZINGO (hereinafter "Defendant") submits his Answer with defenses and affirmative defenses in response to the Complaint (Doc. 1). For any allegations not specifically admitted or denied, Defendant responds that he is without knowledge, and therefore such allegations are denied.

### **Jurisdiction & Venue**

1. Admitted for jurisdictional purposes only. Otherwise, denied as to Plaintiff's civil rights being violated.

2. Admitted for jurisdictional purposes only.

3. Without knowledge of all the facts necessary to determine proper venue at

1

this time, therefore denied.

4. Without knowledge and therefore denied.

## Parties

5. Admitted.

6. Without knowledge, therefore denied.

7. Admitted that Defendant Mazingo was a correctional officer employed by the Florida Department of Corrections ("FDC") at Gulf Correction Institution ("C.I."); otherwise denied. Additionally, all legal conclusions alleged are denied.

## Factual Allegations

8. Admitted that Gulf C.I. is an institution within the state penal system administered by FDC. Otherwise, without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Denied as to Defendant engaging in any unlawful conduct as alleged. Otherwise, without knowledge and therefore denied.

11. Admitted that on or about 10/2/23, Defendant Mazingo placed Plaintiff on "strip" after a cell search which revealed that Plaintiff covered both his cell window and in-cell cameras. Additionally, Plaintiff flooded his cell by stopping up his toilet with his sheets or fabric which also supported

placing Plaintiff on "strip." Otherwise, denied.

12. Admitted that the Plaintiff covered the window in the door of his cell. Otherwise, without knowledge and therefore denied.

13. Admitted that Plaintiff was repeatedly instructed several times over a period of time to remove the window covering and ultimately complied. Otherwise, without knowledge and therefore denied.

14. Admitted that Officer Baptiste was holding a use-of-force camera and that Padgett walked Plaintiff to the Y Dorm sallyport where Defendant was standing. Admitted also that Officer Baptiste was dismissed by Padgett. Otherwise, without knowledge and therefore denied.

15. Denied.

16. Denied.

17. Denied that Defendant Mazingo used any force on Plaintiff, otherwise denied.

18. Denied that Defendant Mazingo engaged in any unlawful conduct as alleged. Admitted that Plaintiff was escorted to medical by Padgett and Defendant after arriving at the sallyport.

19. Without knowledge as to what Plaintiff saw in the medical lobby; admitted that Plaintiff began yelling. Without knowledge and therefore

denied as to what Plaintiff yelled. Otherwise, denied.

20. Without knowledge and therefore denied as to Padgett being upset. Otherwise, denied.

21. Admitted that Padgett and Defendant escorted Plaintiff into triage. Otherwise, denied.

22. Defendant Mazingo engaged in no improper conduct as alleged. Otherwise, denied.

23. Denied that Defendant engaged in any unlawful conduct as alleged.

24. Denied.

25. Admitted that Plaintiff was escorted back to a different cell after being escorted from medical. Otherwise, denied.

26. Denied.

27. Without knowledge as to all facts after Defendant escorted Plaintiff back to a different cell as Defendant had no further contact with Plaintiff, therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Admitted that Defendant Mazingo remains employed by FDC; otherwise, without knowledge and therefore denied.

## COUNT I

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against Padgett and Mazingo)

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as is fully set forth herein.

31. Denied that Defendant engaged in any unlawful conduct as alleged.

32. Denied that Defendant engaged in any unlawful conduct as alleged.

33. Denied that Defendant engaged in any unlawful conduct as alleged.

34. Without knowledge as to Padgett's state of mind and therefore denied. Further, denied that Defendant has ever had any intent to harm Plaintiff, or engaged in in any unlawful conduct as alleged.

35. Denied.

36. Denied.

To any extent that the paragraph beginning with "WHEREFORE" requires a response, it is denied.

## COUNT II

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against Padgett)

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as is fully set forth herein.

37-42. These allegations are not brought against Defendant Mazingo, therefore no response to Count II is required; however, to the extent that a response is required, they are denied.

Further, to any extent that the paragraph beginning with "WHEREFORE" requires a response, it is denied.

## COUNT III

### Violation of 42 U.S.C. § 1983 – Failure to Intervene
### (against Mazingo)

Defendant's responses to paragraphs 1 through 30 are realleged and reincorporated as is fully set forth herein.

43. Denied that Defendant engaged in any unlawful conduct as alleged or that Plaintiff is entitled to any of the relief sought.

44. Denied.

45. Denied that Defendant engaged in any unlawful conduct as alleged.

46. Denied.

To any extent that the paragraph beginning with "WHEREFORE" requires a response, it is denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendant has not deprived Plaintiff of any rights, privileges, or

immunities secured by the United States Constitution.

2. Defendant has not violated any clearly established constitutional or statutory right that a reasonable person is likely to have known and therefore is entitled to qualified immunity.

3. Plaintiff's injuries resulted from his own culpable or negligent conduct.

4. This Complaint is not actionable pursuant to Title 42 U.S. C.§ 1983 in that any and all actions taken by Defendant were reasonable upon objective evaluation and not malicious nor sadistic.

5. Any application of force by the Defendant was privileged in that he was acting in his capacity as a correctional officer, and his actions were reasonable and necessary in acting in furtherance of a lawful purpose.

6. Defendant's actions were privileged and taken in self-defense.

7. Punitive damages should be stricken pursuant to 18 U.S.C. §3626(a)(1)(A) and 18 U.S.C. §3626(g)(7).

8. Compensatory damages should be stricken pursuant to 42 U.S.C. 1997e(e) because Plaintiff did not suffer a physical injury that was more than de minimis.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend his Answer and Affirmative

Defenses.

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL


*/s/ Anthony Dean Johnson*
Anthony Dean Johnson
Assistant Attorney General
Florida Bar No.: 12084

*/s/ Mason V. Petrosky*
Mason V. Petrosky
Assistant Attorney General
Attorney for Defendant
Florida Bar No.: 1049458

Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-4872


Anthony.Johnson@myfloridalegal.com
Mason.Petrosky@myfloridalegal.com
Titus.thomas@myflroidalegal.com
CivilLitigationNorth.eService@myfloridalegal.com
Steven.Holcomb@myfloridalegal.com